## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

FAITH 7 ACTIVITY CENTER, INC.　　)
et al.,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　Case No. CIV-24-1006-G
　　　　　　　　　　　　　　　　　)
PHILADELPHIA INDEMNITY　　　　　)
INSURANCE COMPANY,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　)

## ORDER

Now before the Court is a Motion to Compel (Doc. No. 16) filed by Plaintiffs Faith 7 Activity Center, Inc. and John Klaser. Defendant Philadelphia Indemnity Insurance Company has responded (Doc. No. 17) and Plaintiffs have filed a Reply (Doc. No. 19).

### I.　　Relevant Standards

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> parties generally may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Generally, control of discovery is entrusted to the sound discretion of the trial courts." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1164 (10th Cir. 2010) (internal quotation marks omitted).

Rule 33 permits a party to serve written interrogatories upon any other party "relat[ing] to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Id.* R. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* R. 33(b)(4).

Rule 34 prescribes that a party may serve on any other party a request to produce, subject to the scope of Rule 26(b), "any designated documents or electronically stored information" "in the responding party's possession, custody, or control." *Id.* R. 34(a)(1). The responding party must then either produce the documents or information or "state with specificity the grounds for objecting to the request, including the reasons." *Id.* R. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection." *Id.* R. 34(b)(2)(C).

As relevant here, Rule 37(a) prescribes that a party may move to compel another party to provide complete answers or additional documents and information. *See id.* R. 37(a)(3)(B)(iii), (iv). "Despite the liberal breadth of discovery allowed under the federal rules, the proponent of a motion to compel discovery still bears the initial burden of proving that the information sought is relevant." *Dotson v. Experian Info. Sols., Inc.*, No. CIV-17-575-D, 2019 WL 440588, at *5 (W.D. Okla. Feb. 4, 2019) (internal quotation marks omitted). The proponent must also show "that the opposing party's answers are incomplete." *Pendergraft v. Bd. of Regents of Okla. Colls.*, No. CIV-18-793-D, 2021 WL 5334209, at *1 (W.D. Okla. July 12, 2021) (internal quotation marks omitted).

II.    *Discussion*

Plaintiffs, who were insureds of Defendant, herein bring claims for breach of contract and for breach of the duty of good faith and fair dealing (often referred to as a "bad faith" claim) under Oklahoma law due to disputes arising after a tornado damaged the Faith 7 Activity Center ("Faith 7") in Shawnee, Oklahoma, on April 19, 2023.  *See* Compl. (Doc. No. 1).  Plaintiffs seek compensatory and punitive damages on their claims.  *See id.*

In their Motion, Plaintiffs move to compel Defendant to produce additional answers and documents as to seven categories of discovery requests.  *See* Pls.' Mot. to Compel at 8-23.  The Court considers each category in turn.

A.    *Personnel Files*

Plaintiffs seek certain portions of the personnel files and performance evaluations for all individuals involved in the adjustment, supervision, management, and denial of Faith 7's insurance claim.  *See* Pls.' Mot. to Compel at 9-11; Pls.' Reqs. Produc. ("RFPs") Nos. 20, 21, 22, Pls.' Ex. 1 (Doc. No. 16-1); Pls.' Interrog. No. 1, Pls.' Ex. 1.  Defendant objects to this request as irrelevant, not proportional, and not properly limited in temporal scope.  *See* Defs.' Resp. at 9-11.  Plaintiffs respond that they are seeking only "performance reviews, disciplinary action, training transcripts," "applications for employment, "self-evaluations," and "exit interviews," and that—other than employee bonuses—they do not seek "health, tax," or pay information.  Pls.' Resp. at 8; Pls.' Reply at 5.  Plaintiffs further present case authority supporting the proposition that certain personnel information is discoverable on claims such as those raised here.  *See* Pls.' Resp. at 9-11 (citing *Fullbright v. State Farm Mut. Auto. Ins. Co.*, No. CIV-09-297-D, 2010 WL 300436, at *2-5 (W.D.

3

Okla. Jan. 20, 2010); *Waters v. Cont'l Gen. Ins. Co.*, No. 07-CV-282, 2008 WL 2510039, at *1 (N.D. Okla. June 19, 2008)).

The Court finds the cited decisions persuasive and overrules Defendant's objections as to relevancy and proportionality.  The personnel records requested by Plaintiffs, with all health or tax information redacted, should be produced within fourteen (14) days as to any of the identified individuals who were "directly involved in the handling of" Faith 7's claim.  *Fullbright*, 2010 WL 300436, at *4 (ordering production of information regarding such adjusters' background, qualifications, and job performance).  The Court sustains Defendant's objection regarding temporality to the extent that Defendant may limit the production to only those records that were generated within the five (5) years preceding the filing of this action.

### B.  Training Materials

In RFP No. 26, Plaintiffs request: "full and complete copies of all policies, procedures, guidelines, and training materials [that] were relied upon or utilized in conjunction with the adjustment, supervision, management and denial of Plaintiff's Claim."  Pls.' RFP No. 26.  Defendant objects that the request is overbroad and such information is not sufficiently relevant because "adjuster training for assessing roof/wind claims is not at issue."  Def.'s Resp. at 12.  Plaintiffs reply that they seek only the training materials for the persons involved in handling Faith 7's claim and that such materials are relevant as to "whether the adjusters on this claim were adequately trained to consider facts that support coverage and to hire unbiased consultants and experts."  Pls.' Reply at 5.

Having considered the parties' arguments, the Court finds that such information is

sufficiently relevant to Plaintiffs' claims under Rule 26(b)(1).  *See Morrison v. Chartis Prop. Cas. Co.*, No. 13-CV-116, 2014 WL 840597, at *4 (N.D. Okla. Mar. 4, 2014). Plaintiffs are entitled to the materials sought insofar as those materials were relied upon or used by personnel "who actually handled some aspect of" Faith 7's insurance claim. *Waters*, 2008 WL 2510039, at *1.

### C.  Claims Manual

Plaintiffs requested Defendant's claims manual, which Defendant has since produced.  *See* Pls.' RFP Nos. 12, 15; Def.'s Resp. at 12 ("[Defendant] produced its *Claims Handling Guidelines*.").  Plaintiffs "question[] whether all relevant parts" have been provided, however, because the manual lacks an index or table of contents.  Pls.' Reply at 5-6.

Defendant represents that no such index or table of contents "exists."  Def.'s Resp. at 12.  Accordingly, this aspect of Plaintiffs' Motion is denied.

### D.  Defendant's Use of an Independent Adjuster and an Engineering Firm

Plaintiffs served multiple requests upon Defendant seeking information regarding Defendant's retention of, payment to, and other interaction with the adjusting firm Engle Martin and the engineering firm JS | HELD, who were hired in connection with Faith 7's claim.  *See* Pls.' Interrog. Nos. 14, 16, 18; Pls.' RFP Nos. 3, 4, 29.

In Interrogatory No. 14, Plaintiffs request that Defendant "identify by year all monies [that] Defendant, its affiliates or subsidiaries have paid any independent adjusting firm involved in Plaintiff's Claim from 2019 to present."  Pls.' Interrog. No. 14.  In Interrogatory No. 16, Plaintiffs ask Defendant to "identify the total amount of money paid

to Engle Martin adjusting firm" from 2019 to the present. Pls.' Interrog. No. 16. And in Interrogatory No. 18, Plaintiffs request a listing of "every independent adjusting firm" "Defendant has listed on an approved vendor list, in the State of Oklahoma," from 2023 through 2024. Pls.' Interrog. No. 18.

Plaintiffs argue that such information is relevant to Plaintiffs' allegations that Defendant engaged in a pattern of improper denial of claims. *See* Pls.' Mot. at 14-16. The Court agrees with Defendant, however, that these requests are overbroad and lack relevance—particularly as Defendant already has informed Plaintiffs what amount was paid to Eagle Martin in this particular case. *See* Def.'s Resp. at 14-15; Pls.' Interrog. No. 16. The Court will not compel Defendant to answer these interrogatories.

In Plaintiffs' RFP Nos. 3, 4, and 29, Plaintiffs seek copies of all contracts that existed between Defendant and any independent adjusting firm at the time of Faith 7's insurance claim, as well as all materials regarding Defendant's retention of an independent adjusting firm with respect to Faith 7's claim specifically. *See* Pls.' RFPs Nos. 3, 4, 29. Defendant produced certain documents from the claim file for Faith 7's claim, including the assignment of Faith 7's claim to Engle Martin, but objects that the remainder of these requests seeks irrelevant information and is overly broad and vague. *See* Def.'s Resp. at 15-16.

The Court concludes that Plaintiffs' requests as written are overly broad and not proportional to the needs of the case. But Defendant's relationship with Engle Martin, specifically with respect to adjustment and handling of wind claims, is a proper topic for discovery, "subject to reasonable limitations on the scope of the requests." *Bolles v.*

*Allstate Ins. Co.*, No. CIV-24-284-R, 2025 WL 92943, at *3 (W.D. Okla. Jan. 14, 2025).

Accordingly, the Court will permit Plaintiffs to modify these RFPs to add geographic, temporal, and other limitations and to serve the narrowed requests upon Defendant within fourteen (14) days of the date of this Order. If the parties cannot agree upon narrower requests, the Court instructs the parties to confer in a good-faith attempt to resolve the dispute. *See id.* at *4.

### E. Complaints to the Oklahoma Insurance Commissioner

Relying upon their allegation that Defendant has engaged in "a pattern and practice to improperly deny roof/wind claims," Plaintiffs request copies of "each and every complaint made by Defendant's insureds in Oklahoma about Defendant to the Oklahoma Department of Insurance for the past three (3) years concerning the manner in which any roof/wind claim was handled." Pls.' Mot. to Compl at 16-17; RFP No. 5.

The Court concurs with Defendant that such a broad swath of complaints has not been shown to be sufficiently relevant for discovery here, where Defendant "ha[s] not put the [c]omplaints at issue" and "Plaintiffs have speculated in only the most general terms that information concerning complaints about claims handling might be helpful to their case." *Pharm. Care Mgmt. Ass'n v. Mulready*, No. CIV-19-977-J, 2021 WL 6102118, at *2 (W.D. Okla. June 17, 2021); *Grove v. State Farm Fire & Cas. Co.*, No. 13-CV-754, 2014 WL 11636148, at *1 (N.D. Okla. Sept. 23, 2014); *see also Terry v. Health Care Serv. Corp.*, No. CIV-18-415-C, 2019 WL 1781420, at *2 (W.D. Okla. Apr. 23, 2019) ("Rule 26 does not authorize unlimited discovery. Moreover, the mere fact that a plaintiff offers a broad theory of the case does not automatically justify equally broad discovery, unless

the discovery is relevant to the plaintiff's actual claims or defenses." (citation and internal quotation marks omitted)).  Plaintiffs' Motion is denied as to this request.

### F.  Underwriting File

In RFP Nos. 7, 8, 10, 23, 24, and 25, Plaintiffs request the underwriting file for Faith 7 and various associated records and documents kept by Defendant in selling and renewing the underlying insurance policy.  *See* Pls.' Mot. to Compel at 18.  Plaintiffs' Motion argues that they are entitled to assessments, inspection reports, and photographs of the roof condition that would be kept in the underwriting file.  *See id.*  Plaintiffs offer no authority to support the proposition that an underwriting file is relevant to a breach of contract claim. Relatedly, '[t]he tort of bad faith breach of an insurance contract must be based upon an insurer's wrongful denial of a claim; it cannot be based upon the conduct of the insurer in selling and issuing the policy."  *Hays v. Jackson Nat'l Life Ins. Co.*, 105 F.3d 583, 590 (10th Cir. 1997).  And Defendant represents that photographs and inspections of the roof already have been produced to Plaintiffs as part of the claim file.  *See* Def.'s Resp. at 22. Accordingly, the Court denies Plaintiffs' request to compel.

### G.  Quality Control Audits or Surveys

Plaintiffs requested the following:

Copies of quality control audits or surveys regarding wind and/or hail claims handling procedures in the State of Oklahoma from 2019 to present, including, but not limited to:

a. Home office or regional audits;

b. Manuals or guidelines for conducting these audits; and

c. Market conduct examinations.

Pls.' RFP No. 17.  Defendant objected on multiple grounds, *see id.*

The Motion and Reply fail to address Defendant's stated objections or offer any basis upon which the Court could find that the information sought is discoverable. Plaintiffs therefore have not met their burden to show that the "information sought is relevant" and that Defendant's objections should be overruled. *Dotson*, 2019 WL 440588, at *5; *see also* Fed. R. Civ. P. 26(b)(1).

CONCLUSION

As outlined herein, Plaintiffs' Motion to Compel (Doc. No. 16) is GRANTED IN PART and DENIED IN PART.

The Court declines to award expenses.

IT IS SO ORDERED this 22nd day of September, 2025.

CHARLES B. GOODWIN
United States District Judge